IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
May 24, 2022 03:26 PM
SX-2006-CV-00711
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| HILBURN AUGUSTIN,<br><br>            Plaintiff,<br><br>v.<br><br>REEF BROADCASTING, ROTATING EQUIPMENT CORP. d/b/a THE PENTHOUSE ROOF TOP, and HUGH PEMBERTON,<br><br>            Defendants. | **Case No. SX-2006-CV-00711**<br><br>**ACTION FOR DAMAGES**<br><br>JURY TRIAL DEMANDED<br><br>2022 VI SUPER 54U |

## MEMORANDUM OPINION and ORDER

¶ 1    THIS MATTER comes before the Court on Defendant Rotating Equipment Corporation's ("REC") Motion for Summary Judgment, filed May 26, 2011. Plaintiff filed an Opposition to the Motion on June 20, 2011. Plaintiff filed Notices of Supplemental Authority on July 1, 2011 and November 10, 2011. The arguments considered, and for the reasons explained below, the Motion for Summary Judgment will be granted.

## LEGAL STANDARD

¶ 2    Per Virgin Islands Rule of Civil Procedure 56(a): "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Virgin Islands summary judgment rule mirrors the "well-known summary judgment provision applicable in most American jurisdictions." Advisory Committee on Rules Comment to V.I. R. Civ. P. 56. "A movant is entitled to summary judgment if there is no triable issue of material fact." *Basic Servs., Inc. v. Gov't of the V.I.*, 71 V.I. 652, 658, 2019 VI 21, ¶ 8 (V.I. 2019) (citing *Rymer v. Kmart Corp.*, 68 V.I. 571, 575 (V.I. 2018)).

¶ 3    "Once the moving party has identified the portions of the record that demonstrate no issue of material fact, 'the burden shifts to the non-moving party to present affirmative evidence from which a jury might reasonably return a verdict in his favor.'" *Rymer*, 68 V.I. at 576 (quoting *Chapman v. Cornwall*, 58 V.I. 431, 436 (V.I. 2013)). "The non-moving party 'may not rest upon mere allegations, [but] must present actual evidence showing a genuine issue for trial.'" *Id.* at 575 (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)) (brackets in original). A court

considering a motion for summary judgment should view evidence in the light most favorable to the non-moving party. *Basic Servs., Inc.*, 71 V.I. at 659 (citing *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 379 (V.I. 2014)).

¶ 4    The Virgin Islands Workers' Compensation Act ("WCA"), 24 V.I.C. § 250 *et seq.*, was enacted to "afford expeditious compensation to employees and their dependents without regard to negligence of employer or employee." 24 V.I.C. § 250(a). The WCA obligates every employer subject to the WCA to be insured with the Government Insurance Fund. 24 V.I.C. § 272(a). An employer under the WCA enjoys the protection of an exclusivity provision, which provides that "the right herein established to obtain compensation shall be the only remedy [of an employee] against the employer." 24 V.I.C. § 284. However, if an employer is uninsured,

> [t]he injured employee of an uninsured employer, . . . **instead of receiving compensation** under this chapter **may elect, at any time prior to the rendering of a decision by the Administrator, to bring suit for damages against the employer**, just as if this chapter were not applicable.

24 V.I.C. § 261(b)(1) (emphasis added).

¶ 5    The Court interprets the meaning of the statutory language by looking first to determine whether its words have a plain and unambiguous meaning, and the statutory scheme is coherent and consistent.[1]

¶ 6    An employee's receipt of funds under the WCA resulting from a job-related injury does not necessarily bar the employee's ability to bring an action against his uninsured employer, in circumstances where payments were made before the injured employee, or his estate, had any "meaningful opportunity to elect to sue." *See Bertrand v. Cordiner Enters., Inc.*, 55 V.I. 267, 282-83 (V.I. Super. 2011).[2] "The 'decision' referred to in Section 261(b)(1) apparently refers to the

---

[1] "'The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning. If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed.' *In re L.O.F.*, 62 V.I. 655, 661 (V.I. 2015) (quoting *Kelley v. Gov't of the V.I.*, 59 V.I. 742, 745 (V.I. 2013)) (internal quotation marks omitted). In examining a statutory scheme, we must look to 'the context surrounding each statute' to determine the Legislature's intent, *Ottley v. Estate of Bell*, 61 V.I. 480, 493 (V.I. 2014), and 'must give effect to every provision, making sure to avoid interpreting any provision in a manner that would render it—or another provision—wholly superfluous and without an independent meaning or function of its own.' *L.O.F.*, 62 V.I. at 661 (quoting *Defoe v. Phillip*, 56 V.I. 109, 129 (V.I. 2012)) (internal quotation marks omitted); *see also* 1 V.I.C. § 42 ('Words and phrases shall be read with their context.')." *Bertrand v. Mystic Granite & Marble, Inc.*, 63 V.I. 772, 784 (V.I. 2015).

[2] Another Superior Court case has held that under the doctrine of election of remedies, the injured employee of an uninsured employer can either elect to receive workers' compensation benefits or sue his uninsured employer – but

decision by the administrator of the amount of compensation due to the employee that must be collected from the employer after hearing from both the employer and the employee," as contemplated in 24 V.I.C. § 261(a)(2). *Id.*

## DISCUSSION

¶ 7    Both parties' filings relevant to the Motion relied on the Federal Rules of Civil Procedure, applicable at the time of the filings through then Super Ct. R. 7. However, the Virgin Islands Rules of Civil Procedure now "govern . . . proceedings in any action pending on the effective date of these rules or amendments, unless: (A) the Supreme Court of the Virgin Islands specifies otherwise by order; or (B) the Superior Court makes an express finding that applying them in a particular previous-pending action would be infeasible or would work an injustice." V.I. R. Civ. P. 1-1(c)(2). No such express finding is made here, and the Virgin Islands Rules govern the Court's disposition of the Motion.

¶ 8    Defendant REC argues that it is entitled to summary judgment as Plaintiff's suit is barred under the Workers' Compensation program. Motion at 1-2. REC acknowledges that it was uninsured on March 14, 2006, the date of the underlying incident, but argues that under 24 V.I.C. § 261(b)(1), an injured employee of an uninsured employer may elect to either sue the employer directly or, in the alternative, to receive workers' compensation benefits. *See id.* at 1. As Plaintiff received workers' compensation benefits, REC argues that it is protected from suit and that summary judgment should enter in its favor. *Id.* at 2.

¶ 9    Plaintiff opposes summary judgment, arguing that his suit against REC is not barred. Plaintiff acknowledges that he did receive workers' compensation benefits. Yet, he argues that his suit against REC as uninsured employer is not barred unless two things have occurred – both that

---

not both. *See Estate of Modeste v. C&C Constr. & Maint., Inc.,* 72 V.I. 38, 48; 2019 VI SUPER 123, ¶¶ 21-22 (V.I. Super. 2019). The holdings of *Modeste* and *Bertrand* are distinguishable. In *Bertrand,* the Administrator made the decision to begin paying benefits on the day of the ultimately fatal incident while the employee's beneficiaries sought emergency medical care, without knowing that the employer was uninsured and not having "had any meaningful opportunity to elect to sue." 55 V.I. at 283. The injured employee in *Modeste* was "cognizant of his legal rights," and submitted an affidavit acknowledging that understanding when he initiated his claim for benefits, electing not to sue his uninsured employer. 72 V.I. at 48. While not relevant to the issues herein, in both *Bertrand* and *Modeste* the Superior Court noted concern to prevent the potential double recovery of an injured employee, receiving benefits under the WCA and in litigation against the uninsured employer. Those concerns should be allayed by 24 V.I.C. §§ 261(a)(2) and 263, and by 5 V.I.C. § 427 (providing for reimbursement to the Uninsured-Employer Cases Fund for payments made, by uninsured employers, or by liable third parties, or by reduction at trial of the award due the plaintiff). *See Bertrand v. Mystic Granite & Marble, Inc.,* 63 V.I. at 787.

Plaintiff elected to receive workers' compensation benefits; and that the uninsured employer has reimbursed the Government Insurance Fund for the benefits paid. Opposition at 10. Plaintiff argues that since Defendant REC has not repaid the workers' compensation benefits paid out, despite being ordered multiple times to do so, his suit is not barred and that to find otherwise "would foster employers' failure to obtain workers' compensation insurance as they would obtain a bar from suit without making payments . . .." *Id.* Additionally, Plaintiff argues that REC's motion for summary judgment is defective as it failed to include a statement of material facts. *Id.* at 7-8 (citing Local Rules of Civil Procedure 56.1(a)).

¶ 10    Plaintiff's argument that the Motion is fatally flawed for failing to include an undisputed statement of facts is without merit. While V.I. R. Civ. P. 56(c)(1), akin the Local Rules of Civil Procedure 56.1(a) cited in the Opposition, directs parties seeking to summary judgment to "include a statement of undisputed facts in a separate section within the motion," V.I. R. Civ. P. 56(c)(1), "failure to include a statement of undisputed facts does not automatically render [a] motion fatally deficient," *Davis v. Milligan*, 2020 VI SUPER 99U, ¶ 6 (V.I. Super. Dec. 4, 2020) (citing *Hendricks v. Pinnacle Servs.*, LLC 72 V.I. 630, 635 (V.I. Super. 2020)). The trial court should consider the merits of a motion for summary judgment, granting it only if the "the evidence in the summary judgment record supports this relief." *Id.* (internal citation and quotation marks omitted). The Court concurs and will consider the Motion on its merits.

¶ 11    It undisputed that Defendant REC was uninsured under the WCA at the time of Plaintiff's job-related injury. The issue to be determined is whether, despite REC's uninsured status, Plaintiff's claim is barred under the relevant provision of the statute which reads:

> [t]he injured employee of an uninsured employer, . . . **instead of receiving compensation** under this chapter **may elect, at any time prior to the rendering of a decision by the Administrator, to bring suit for damages against the employer,** just as if this chapter were not applicable.

24 V.I.C. § 261(b)(1) (emphasis added).

¶ 12    By the plain language of the statute, "a decision by the Administrator" terminates an injured employee's opportunity to elect to sue his uninsured employer. This particular subsection does not make clear what "decision" is referenced, but 24 V.I.C. § 261(a)(2) and (a)(3) identify "the decision by the administrator of the amount of compensation due to the employee that must be collected from the employer after hearing from both the employer and the employee." *Bertrand v. Cordiner Enters., Inc.*, 55 V.I. at 282-83.

¶ 13    Plaintiff's Opposition includes an attachment that is determined to be the operative Decision of Administrator, by Director Wanda L.C. Morris, dated April 2, 2007 (Order No. 0280-2007-01; 0280-2007-02). The Decision included the factual finding that "the employer was uninsured at the time of injury," and determined the amount of disability income benefits due Plaintiff and of therapy services to be paid, ordering that REC repay the Government Insurance Fund the full amount expended, plus a 30% penalty. The statute requires that Plaintiff's election to sue must have predated that Decision. Plaintiff's original Complaint, filed November 20, 2006, named Reef Broadcasting as the sole Defendant. The summary judgment record and the Court's electronic file are incomplete, but they establish that Plaintiff initiated the action against his employer REC prior to the April 2, 2007 Decision of the Administrator. As such, the Complaint is not time-barred as subsequent to the Decision of the Administrator.

¶ 14    However, the plain language of 24 V.I.C. § 261(b)(1) does otherwise bar action. Timely election to sue before the Administrator's Decision is permissible "**instead of** receiving compensation." That is, by the clear statutory language, the Legislature intended to require that the injured employee "elect" either to receive benefits under the WCA, or to sue the uninsured employer – not both. To interpret these words otherwise would render them superfluous and meaningless. That language clearly contemplates the employee's knowing election, whether to sue or to receive WCA benefits. This case does not present a factual setting as the trial court faced in *Bertrand*, where benefits were paid before the employee had a "meaningful opportunity" to elect to sue.

¶ 15    Plaintiff's Opposition attached other relevant documents, including the December 5, 2006 finding of Benefits Review Coordinator Debbie N. Guadalupe that "this case is uninsured" and had been placed on hold "pending the election of the Affidavit." That election of Plaintiff is set forth in his Affidavit, "subscribed and sworn to" March 14, 2007. Therein, Plaintiff confirms that "I have been advised and fully understand my rights under the Virgin Islands Workers' Compensation Statute (24 V.I.C. § 251 et seq.)." The Affidavit confirms that the Government Insurance Fund has certified that his employer, Rotating Equipment Corporation "was uninsured at the time of the sustained injury." Plaintiff swore that he "does here and now, freely elects to: Accept the benefits of Workers' Compensation and forgo the option to institute legal action against his/her employer."

¶ 16    But for Plaintiff's Mach 14, 2007 election to accept Workers' Compensation benefits with full understanding of his legal rights, this suit could proceed against REC. Yet, having made the

knowing election to accept statutory benefits "instead of" suing his uninsured employer, he has waived the right to maintain this action, which is barred by the WCA.

¶ 17    Plaintiff's argues that this action should be permitted to proceed because Defendant REC, despite being ordered to do so, apparently has not repaid Workers' Compensation benefits paid out. The argument is unsupported by any cited authority and is unpersuasive. The statute (24 V.I.C. § 261(a)(2)) imposes a 30% penalty, in addition to repayment of benefits (presumably with statutory interest from the date due). Plaintiff's suggestion that employers will avoid payment of Workers' Compensation premiums in the hope that, if an injury to an employee occurs, the Government Insurance Fund will pick up the benefits tab and will not seek to recoup funds paid out. The record here belies the argument, as the Administrator's Decision ordered payment. The fact that REC has apparently ignored that order to date, an issue not germane here, certainly will not act to retroactively revive a suit that Plaintiff knowingly elected not to pursue.

¶ 18    For the reasons set forth above, it is it is hereby

ORDERED that Defendant Rotating Equipment Corporation's Motion for Summary Judgment, is GRANTED. It is further

ORDERED that Plaintiff's action against Defendant Rotating Equipment Corporation is DISMISSED with prejudice.

DATED: May 24, 2022.

_____
DOUGLAS A. BRADY, JUDGE

**ATTEST:**
TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk Supervisor
5/24/2022